IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GILBERT PRIMUS, | ) | CASE NO. 1:12 CV 2635 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JASON BUNTING, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Gilbert Primus for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Primus is presently incarcerated by the State of Ohio at the Marion Correctional Institution, where he is serving a five-year term imposed in 2010 by the Cuyahoga County Court of Common Pleas following his conviction by a jury of multiple offenses.[3] Primus here raises seven grounds for relief, with six of them relating to claims of ineffective assistance by trial and appellate counsel and the remaining ground asserting that

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Jeffrey J. Helmick in a non-document order dated November 11, 2012.

[2] ECF # 1.

[3] *Id.* at 1. The offenses for which Primus was convicted are: felonious assault, assault, aggravated robbery, possession of criminal tools, kidnapping, failure to comply, having a weapon under disability, improper handling of a firearm in a motor vehicle, and carrying a concealed weapon.

the trial court committed plain error at numerous instances.[4] The State, in its return of the writ, argues that two of the grounds are procedurally defaulted[5] and that the remaining five grounds, which were properly presented to Ohio courts, should be denied on the merits because the decisions of the Ohio courts denying these claims were not an unreasonable application of clearly established federal law.[6] Primus has filed a traverse, waiving two of his initial claims and arguing cause and prejudice to excuse his procedural defaults.[7]

For the reasons stated below, I will recommend that the petition be dismissed in part without prejudice and in part with prejudice, and denied in part.

## Facts

**A.**     **Background facts, trial, and sentence**

The relevant background facts as found by the Ohio appeals court[8] are straightforward.

---

[4] *Id.* at 3-9.

[5] ECF # 6 at 11-15.

[6] *Id.* at 15-33.

[7] ECF # 18.

[8] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

Store security at a Giant Eagle supermarket in Cleveland was alerted that a person with a shopping cart loaded with meat was attempting to leave the store without paying.[9] The store security officer, Cuyahoga County Deputy Sheriff Landry Simmons, confronted the man near a Pontiac van in the parking lot, ordered him to stop and to return the merchandise.[10] After Simmons unsuccessfully chased this initial suspect who had fled upon being approached, Simmons returned to the van and found the cart of food inside it.[11] The van, which was driven by Primus, then began to drive away, striking Simmons on the leg and forcing Simmons to pull himself into the open passenger door of the moving van to avoid being run over.[12]

Once inside, Simmons and Primus struggled, with Primus reaching under his clothing for what Simmons believed to be a gun.[13] Both men fell out of the van and continued to struggle on the ground, with Primus eventually breaking free of Simmons, leaving his jacket behind, and again attempting to drive away in the van.[14] Simmons testified that while Primus was fleeing, he stopped the van and extended his arm out of the driver's side window holding

---

[9] ECF # 6, Attachment (state court record) at 78.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 78-79.

[13] *Id.* at 79.

[14] *Id.*

a black object Simmons believed to be a gun.[15] Simmons responded by firing two shots, at least one of which struck the van.[16]

Primus was identified through his cell phone, which was recovered from the jacket that he left on the ground, and through Simmons picking him out of a photo array.[17] Further, Primus's DNA was found to be consistent with DNA found on the jacket.[18] In addition, police found that the van was previously titled to Primus before being transferred to a third party two days after the events in the parking lot.[19] The van, when located, was found to have a bullet hole covered with electrician's tape and a decal.[20] Simmons identified Primus in court as the driver of the van with whom he had struggled.[21]

The jury returned a verdict against Primus on eight counts of the indictment, and on November 29, 2010, the court then sentenced him to a total term of five years in prison.[22]

---

[15] *Id.*

[16] *Id.* at 79-80.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 80.

[20] *Id.*

[21] *Id.* at 79.

[22] *Id.* at 36. A correction to the sentencing order was filed December 22, 2010. *Id.* at 38.

## B.    Direct appeals

### 1.    Court of appeals

On December 20, 2010, Prius, represented by new counsel, filed a timely[23] notice of

appeal.[24] In his brief, Primus, through counsel, asserted the following two assignments of

error:

> 1.    Appellant was denied his right to effective assistance of counsel at trial, in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.[25]
>
> 2.    The court committeed [sic] plain error when it failed to remedy multiple irregularties [sic] in the trial that, taken as a whole, deprived appellant of a fair trial.[26]

The State responded.[27] Then, before addressing the merits, the court of appeals

*sua sponte* remanded the matter to the trial court for the purpose of clarifying inconsistencies

in the previous sentencing entries.[28] After the trial court entered the clarifying order and

---

[23] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within thirty days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[24] ECF # 6, Attachment at 40. Primus's counsel at trial were Marcus Sidoti and Eric Dysert, and on appeal he was represented by Bret Jordan and then Edward Graham.

[25] *Id.* at 53.

[26] *Id.* at 56.

[27] *Id.* at 59-71.

[28] *Id.* at 72.

re-sentenced Primus to the previous aggregate term of five years in prison,[29] the court of appeals on October 27, 2011, affirmed Primus's conviction and sentence, overruling his assignments of error.[30]

## 2. *Supreme Court of Ohio*

Primus did not timely appeal the decision of the Ohio appeals court. Instead, on January 25, 2012, Primus, *pro se*, moved to file a delayed appeal with the Supreme Court of Ohio.[31] After that motion was granted on March 7, 2012,[32] Primus, *pro se*, filed a memorandum in support of jurisdiction raising the following six propositions of law:

> **Proposition of law No. I:** Appellant was denied effective assistance of counsel, due to the numerous errors made by his counsel at trial which produced a prejudicial cumulative effect and deprived him of his U.S. Constitutional right to a fair trial.
>
> **Proposition of law No. II:** The trial court committed plain error and denied appellant of the U.S. Constitutional right to a fair trial when it failed sua sponte remedy multiple irregularities in the trial that, taken as a whole, deprived appellate of due process.
>
> **Proposition of law No. III:** Appellate counsel was ineffective when he failed to argue that appellant's trial counsel was ineffective when he failed to request limiting instructions on the introduction of the highly prejudicial and irrelevant evidence of appellant's mental illness.

---

[29] *Id.* at 73-74.

[30] *Id.* at 75-87.

[31] *Id.* at 88-91.

[32] *Id.* at 108.

**Proposition of law No. IV:** Appellate counsel was ineffective when he failed to assign as an error appellant's conviction [sic] were contrary to the weight of the evidence.

**Proposition of law No. V:** Appellate counsel was ineffective when he failed to argue that appellant's trial counsel was ineffective due to his failure to move for impeachment of State's witness (Deputy Simmons).

**Proposition of law No. VI:** Appellate counsel was ineffective when he failed to argue that appellant's trial counsel rendered deficient performance when he failed to move for dismissal of all charges due to violation of appellant's U.S. Constitutional right to a speedy trial.[33]

The State filed a waiver of memorandum in response.[34] On June 6, 2012, the Supreme Court of Ohio denied Primus leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[35] The record does not indicate that Primus then sought a writ of certiorari from the Supreme Court of the United States.

### 3. *Federal habeas petition*

Primus, *pro se*, then timely filed[36] the present petition for habeas relief. The petition raises the following seven grounds for relief:

**GROUND ONE:** Petitioner was denied the effective assistance of trial counsel, due to numerous errors made by counsel which produced a prejudicial cumulative effect and thereby denied petitioner of his U.S. Constitutional right to a fair trial.

---

[33] *Id.* at 110-11.

[34] *Id.* at 135.

[35] *Id.* at 136.

[36] The present petition was signed September 20, 2012, and docketed on October 22, 2012. ECF # 1.

**GROUND TWO:** The trial court committed plain error and denied petitioner of the U.S. Constitutional right to a fair trial when it failed to sua sponte remedy multiple irregularities in the trial, that taken as a whole deprived petitioner of Due Process.

**GROUND THREE:** Appellate counsel was ineffective when he failed to argue that petitioner's trial counsel was ineffective when failed to request limiting instructions on the State's introduction of highly prejudicial and irrelevant evidence of petitioner's mental illness.

**GROUND FOUR:** Appellate counsel was ineffective when he failed to argue that petitioner's trial counsel was ineffective due to his failure to move for impeachment of deputy Simmons' testimony.

**GROUND FIVE:** Appellate counsel was ineffective when he failed to assign as an error petitioner's convictions were contrary to the weight of the evidence.

**GROUND SIX:** Defense Counsel was ineffective due to his failure introduce exculpatory evidence (photograph) i.e., a photograph taken of petitioner days prior to the incident in question which could have showed that petitioner was not the culprit of the offenses in which he was convicted.

**GROUND SEVEN:** Appellate counsel was ineffective when he failed to move for dismissal of all charges due to violation of appellant's U.S. Constitutional right to a speedy trial.[37]

As noted, the State then filed a return of the writ,[38] to which Primus filed a traverse.[39]

---

[37] ECF # 1 at 3-9.

[38] ECF # 6.

[39] ECF # 18.

# Analysis

**A.     Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.      There is no dispute that Primus is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Primus meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[40]

2.      There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[41]

3.      In addition, Primus states,[42] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[43]

4.      Moreover, subject to the discussion below of grounds, three, five, and seven, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[44]

5.      Finally, Primus has not requested the appointment of counsel[45] or requested an evidentiary hearing to develop the factual bases of his

---

[40] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[41] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[42] ECF # 1 at 9.

[43] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[44] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[45] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

claims.[46] Primus has by motion[47] requested expansion of the record and to compel respondent to forward to him copies of all relevant portions of the trial transcripts supplemented, to which the State filed an opposition.[48] That motion was denied.[49]

## B.    Standards of review

## 1.    *Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[50]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

---

[46] 28 U.S.C. § 2254(e)(2).

[47] ECF # 8.

[48] ECF # 9.

[49] ECF # 10.

[50] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

(4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[51]

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[52]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[53] In addition, a showing of actual innocence may also excuse a procedural default.[54]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[55] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire

---

[51] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[52] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[53] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[54] *Id*.

[55] *Id.* at 753.

proceeding with error of a constitutional dimension.[56] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[57]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[58] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[59]

**2.     *AEDPA review***

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[60]

---

[56] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[57] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[58] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[59] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[60] 28 U.S.C. § 2254(d).

-12-

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[61] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[62] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[63]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[64] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[65]

---

[61] *Williams v. Taylor*, 529 U.S. 362 (2000).

[62] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[63] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[64] *Williams*, 529 U.S. at 411.

[65] *Id.* at 409.

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[66] and "highly deferential" to the decision of the state court.[67] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[68] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[69]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[70]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[71] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state

---

[66] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[67] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[68] *Richter*, 131 S. Ct. at 786.

[69] *Id.* at 786-87.

[70] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[71] *Richter*, 131 S. Ct. at 784-85.

-14-

court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[72] In such circumstances, the federal habeas court must give deference to the decision of the state court.[73]

## C.    Application of standards

### 1.    *Grounds four and six should be dismissed as waived or withdrawn.*

The State in its return of the writ argues that: (1) ground four – appellate counsel was ineffective for not arguing that trial counsel was ineffective in not impeaching the credibility of Deputy Simmons's testimony – should be denied on the merits after AEDPA review, and (2) ground six – trial counsel was ineffective for not introducing an allegedly exculpatory photograph – should be dismissed as procedurally defaulted.[74] In his traverse, Primus has withdrawn grounds four[75] and six.[76]

Accordingly, I recommend that grounds four and six be dismissed with prejudice as waived or withdrawn.

---

[72] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[73] *Brown*, 656 F.3d at 329.

[74] ECF # 6 at 32-33.

[75] ECF # 18 at 9.

[76] *Id.* at 11.

### 2.    Ground two is procedurally defaulted and should be dismissed.

The State contends that ground two – alleging "cumulative errors" at trial[77] – is procedurally defaulted because Primus made no contemporaneous objection to any of the alleged errors at trial, and so did not comply with Ohio's Criminal Rule 30.[78]

Ohio Criminal Rule 30 sets forth Ohio's contemporaneous objection rule:

On appeal, a party may not assign as error the giving or failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the ground of the objection.

As the Sixth Circuit has noted:

[T]he Supreme Court [has] specifically found that default imposed for failure to object contemporaneously as required by Ohio's Rule 30 is an adequate and independent state ground to bar federal habeas review absent a showing of cause and prejudice.[79]

Here, Primus acknowledges that he made no contemporaneous objection at trial to: (1) the continuing service on the jury of a juror who had met a detective in connection with waiting on the detective as a customer in a store, or (2) the introduction of "highly prejudicial

---

[77]   As the State observes, clearly established federal law does not recognize a cognizable claim of relief for cumulative error in non-capital cases. *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006); *Millender v. Adams*, 376 F.3d 520, 529 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002). Therefore, ground two is not cognizable as a general claim of cumulative error, but is analyzed, as did the Ohio appeals court, as a sequence of specific claims.

[78]   ECF # 6 at 11.

[79]   *Scott v. Mitchell*, 209 F.3d 854, 867 (6th Cir. 2000).

and wholly irrelevant evidence."[80] Primus maintains that notwithstanding the lack of objection, the trial court should have "*sua sponte* issue[d] limiting instructions" as concerns these purported errors.[81]

The state appeals court in this case began consideration of this claim by noting that Primus failed to object at trial to the trial court's decision to allow the particular juror to remain on the panel and also failed to object to the introduction into evidence of a medicine bottle containing the name of his medication.[82] Thus, the Ohio court concluded, this failure to make a contemporaneous objection waived any claim as to these arguments except for plain error.[83] It is well-established in the Sixth Circuit that a state court's plain error review does not itself constitute a waiver of the state procedural default rule,[84] nor is it a review on the merits.[85]

Further, I note that Primus has not sought to excuse the procedural default with a showing of cause and prejudice.[86] Nor has he demonstrated that a fundamental miscarriage

---

[80] ECF # 1 at 5.

[81] *Id.*

[82] ECF # 6, Attachment at 86.

[83] *Id.* Here, as the State observes, the violation of Rule 30 consisted in failing to move for a mistrial or to ask for limiting instructions concerning these alleged trial errors. ECF # 6 at 11.

[84] *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000) (citation omitted); *Mason v. Brunsman*, 483 F. App'x 122, 130-31 (6th Cir. 2012) (citing *Seymour*, 224 F.3d at 557).

[85] *Scott*, 209 F.3d at 873.

[86] *Coleman*, 501 U.S. at 729.

of justice will occur if this Court does not review his claim on the merits,[87] or that there is new and reliable evidence that he is actually innocent of the crimes for which he was convicted.[88]

Accordingly, I recommend that ground two be dismissed with prejudice as procedurally defaulted.

**3.** ***Grounds three, five, and seven are procedurally defaulted as unexhausted. I recommend that they here be dismissed without prejudice to their being asserted again after being first presented to an Ohio court with jurisdiction to consider them.***

Grounds three, five, and seven concern purported errors by appellate counsel, and were asserted for the first time in Primus's *pro se* delayed direct appeal to the Supreme Court of Ohio as propositions of law Nos. III, IV, V and VI:

> **Proposition of law No. III:** Appellate counsel was ineffective when he failed to argue that appellant's trial counsel was ineffective when he failed to request limiting instructions on the introduction of the highly prejudicial and irrelevant evidence of appellant's mental illness.

> **Proposition of law No. IV:** Appellate counsel was ineffective when he failed to assign as an error appellant's conviction [sic] were contrary to the weight of the evidence.

> **Proposition of law No. V:** Appellate counsel was ineffective when he failed to argue that appellant's trial counsel was ineffective due to his failure to move for impeachment of State's witness (Deputy Simmons).

---

[87] *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

[88] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

**Proposition of law No. VI:** Appellate counsel was ineffective when he failed to argue that appellant's trial counsel rendered deficient performance when he failed to move for dismissal of all charges due to violation of appellant's U.S. Constitutional right to a speedy trial.[89]

As noted earlier, the Ohio Supreme Court declined to accept jurisdiction over the appeal.[90] Therefore, despite the fact that these claims were presented to the Ohio Supreme Court, there is no decision on the merits of these claims by any Ohio court.

The State appears to premise its response on the belief that these claims can now be considered *de novo* by the federal habeas court.[91] In fact, this circumstance was addressed by the Sixth Circuit in *Goldberg v. Maloney*,[92] where it was determined that such a claim was both unexhausted and procedurally defaulted.

Specifically, the Sixth Circuit noted that under Ohio law, although a defendant may raise the ineffective assistance of appellate counsel issue in both a timely direct appeal to the Ohio Supreme Court and a timely application to the appeals court under Rule 26(B), the issue will not be deemed exhausted unless the Ohio Supreme Court addresses the issue on the merits.[93] In other words, because the Ohio Supreme Court's decision not to accept jurisdiction in an appeal involving a claim of ineffective assistance of appellate counsel is

---

[89] ECF # 6 at 110-11.

[90] *Id.* at 136.

[91] ECF # 6 at

[92] *Goldberg v. Maloney*, 692 F.3d 534 (6th Cir. 2012).

[93] *Id.* at 537-38.

-19-

not a decision on the merits of that claim, and because such a dismissal by the Ohio Supreme Court would not bar a state appeals court from considering that claim in a Rule 26(B) application, the claim must be considered unexhausted if there is a mechanism under state law for the petitioner to return to state court and exhaust the claim.[94]

Here, Primus did not timely file a Rule 26(B) application; nor could he do so, since more than ninety days have passed since the entry of the appellate judgment.[95] Further, it is difficult to see how he could now argue that he had good cause for not filing a timely 26(B) application – the basis for a delayed Rule 26(B) application[96] – since he was aware of the claim at the time he included it in his direct appeal to the Supreme Court of Ohio.

Under similar circumstances, Judge Gaughan recently concluded[97] that it was "unlikely" that a petitioner's claims were meritorious and so determined that there was no basis for granting a stay to permit exhaustion of the unexhausted claim.[98] But, she also noted that "Ohio courts should nonetheless be given the chance to consider whatever explanation petitioner has to offer as to why his Rule 26(B) application is untimely, and to decide the merits of the claim if they so choose."[99] Thus, although any attempt to return to federal court

---

[94] *Id.* at 538 (citation omitted).

[95] *See*, Ohio R. App. P. 26(B)(1).

[96] *Id.*

[97] Judge Gaughan adopted a report and recommendation of Magistrate Judge Limbert.

[98] *Van Buskirk v. Warden, Lebanon Corr. Inst.*, No. 3:12 CV 2275, 2014 WL 861207, at *13 (N.D. Ohio March 4, 2014).

[99] *Id.*

with the same claim following its exhaustion in the Ohio courts may be precluded as a second or successive petition, or by the statute of limitations, "[n]evertheless, that is a situation created by the petitioner's choice not to exhaust all his claims in state court before filing a habeas petition here, and one this Court can do nothing about since the stay and abatement procedure described in *Rhines v. Weber*[100] is not available to petitioner."[101] Accordingly, Judge Gaughan determined to dismiss the ineffective assistance of counsel claim without prejudice.[102]

Consistent with the above case authority, and persuaded by Judge Gaughan's reasoning, I recommend that these grounds for relief be deemed unexhausted and that they be dismissed without prejudice.

_____

[100] *Rhines*, 544 U.S. 269.

[101] *Van Buskirk*, 2014 WL 861207, at *13.

[102] *Id.*; *but see*, *Goldberg*, 692 F.3d at 538 n.3. (Suggesting that where the petitioner has not articulated a basis by which he would be entitled to file a delayed Rule 26(B) application, that lack of articulation is equivalent to an Ohio appeals court's denial of a delayed application, and so constitutes an adequate procedural ground to deny federal habeas review.); *see also*, *Kelley v. Smith*, No. 5:10 CV 731, 2011 WL 7789278, at * 6 (N.D. Ohio Dec. 1, 2011) (R&R by Baughman, M.J., adopted 2012 WL 1551276 (N.D. Ohio April 30, 2012) (Oliver, C.J.)) (in the context of a motion for an evidentiary hearing to more fully develop a claim of ineffective assistance of counsel to excuse a procedural default, the hearing was denied because Kelley did not bring the claim as a Rule 26(B) application, although he did raise it to the Supreme Court of Ohio, and Kelley had presented no grounds by which a delayed application could be granted, since he stated in his traverse that he was aware of his claim prior to filing the appeal with the Ohio Supreme Court).

**4.      *Ground one should be denied on the merits after AEDPA review***

The State maintains that ground one, which raises a claim concerning ineffective assistance of trial counsel, and which was addressed by the Ohio appeals court, should be dismissed on the merits after AEDPA review.

Here, the Ohio appeals court initially noted that claims of ineffective assistance of trial counsel are evaluated under the two-prong standard of *Strickland v. Washington*.[103] The court then reviewed the individual claims of ineffective assistance as to whether any deficient performance was shown,[104] and then as to whether any prejudice had been established. [105]

After determining from an extensive review of the individual claims in light of the record that neither prong of the *Strickland* test had been established, the Ohio appeals court denied the claim.[106]

As the Supreme Court has recently restated, when a state court has adjudicated a habeas claim on the merits, a federal court may not grant the writ unless the state court decision was an unreasonable application of clearly established federal law or contrary to that law.[107] That standard of unreasonable application is, as the Court re-emphasized, "'difficult

––––––––––––––––––––––––––

[103] ECF # 6, Attachment at 80 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[104] *Id.* at 82-84.

[105] *Id.* at 84-85.

[106] *Id.* at 86.

[107] *White v. Woodall*, __ U.S. __, 134 S.Ct. 1697, 1702 (2014) (citing 28 U.S.C. § 2254(d)).

to meet.'"[108] An unreasonable application must be "'objectively unreasonable,'" and "not merely wrong; even 'clear error' will not suffice."[109] Rather, "'as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"[110]

Applying that standard to the Ohio decision on this claim, I recommend finding that the analysis and reasoning offered by the Ohio appeals court in applying the clearly established law of *Strickland* to the facts here displays no "well understood and comprehended" error beyond any possibility for fairminded disagreement. As such, Primus has not established any right to relief under ground one, and, therefore, ground one should here be denied.

## Conclusion

For the reasons stated above, I recommend that the petition of Gilbert Primus for a writ of habeas corpus be: (a) dismissed with prejudice as to grounds two, four, and six;

---

[108] *Woodall*, 134 S.Ct. at 1702 (quoting *Metrish v. Lancaster*, 569 U.S. __, __, 133 S.Ct. 1781, 1786 (2013)).

[109] *Woodall*, 134 S.Ct. at 1702 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)).

[110] *Woodall*, 134 S.Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. __, __, 131 S.Ct. 770, 786-87 (2011)).

(b) dismissed without prejudice as to grounds three, five, and seven; and (c) denied as to ground one.

Dated:  May 16, 2014                    s/ William H. Baughman, Jr.
                                        United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[111]

---

[111] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).