UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Gilbert Primus                                           Case No. 1:12-cv-2635

          Petitioner,

      v.                                                          ORDER

Jason Bunting,

          Respondent.


     Gilbert Primus, a pro se Ohio prisoner, has moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  (Doc. No. 23).  Primus requests I conduct a de novo review of Magistrate Judge William Baughman, Jr.'s report and recommendation.  (Doc. No. 19).

     In my prior order, I stated Primus had failed to adhere to the Magistrate Judge's warning stating objections to his report were to be filed within fourteen days after Primus was served with a copy of the report.  (Doc. No. 21, p. 1).  I noted Magistrate Judge Baughman expressly instructed Primus on the fourteen-day requirement.  (Doc. No. 21, p. 2).  Although a copy of the report was mailed to Primus on May 16, 2014, Primus's objections do not indicate he filed his objections until June 29, 2014 (Doc. No. 20, p. 1), well beyond the fourteen-day time period.

     Because Primus's objections were late, I concluded Primus's failure to file timely objections constituted a waiver of the de novo review of the issues addressed in Magistrate Judge Baughman's report.  (Doc. No. 21, p. 2).

     In his Rule 60(b) motion, Primus states he had to wait until he had sufficient money in his prison account to afford the postage to mail his objections to the Court.  He contends the prison

1

will not allow a prisoner to go into debt to pay for required postage.  Primus argues this external

impediment should serve as good cause to excuse any default in failing to file timely objections.

Primus also asserts the failure to file his objections within the fourteen-day time period is not

a jurisdictional defect, allowing me to conduct a de novo review of his case.  Primus states no

prejudice would result if I would conduct a de novo review of Magistrate Judge Baughman's report.

Rule 60(b) provides:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**.  On
motion and just terms, the court may relieve a party or its legal representative from a
final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been
discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier
judgment that has been reversed or vacated; or applying it prospectively is no longer
equitable; or

(6) any other reason that justifies relief.

I conclude only Rule 60(b)(6) would be applicable to this case.  Relief under Rule 60(b)(6) is

available only in exceptional or extraordinary circumstances.  *Henness v. Bagley*, 766 F.3d 550, 553–54

(6th Cir. 2014), *cert. denied,* 2015 WL 302617 (U.S. March 30, 2015) (No. 14-8109).  Rule 60(b) relief

is "circumscribed by public policy favoring finality of judgments and termination of litigation."

*Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).  This is especially true with

Rule 60(b)(6) which applies "only in exceptional or extraordinary circumstances which are not

addressed by the first five numbered clauses of the Rule."  *Olle v. Henry & Wright Corp.*, 910 F.2d

357, 365 (6th Cir. 1990) (internal quotation marks omitted).  This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b).  *Id.* Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity *mandate* relief."  *Id.* (emphasis in original).

The Sixth Circuit has exercised its supervisory powers to establish a general rule which provides failure to file objections to a magistrate judge's report waives appellate review of the district court judgment.  *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).  However, the general rule is procedural;  it "'is not a jurisdictional rule; the court of appeals retains subject matter jurisdiction over the appeal regardless of the untimely filing or nonfiling of objections.'"  *Cottenham v. Jamrog*, 248 F. App'x 625, 631 (6th Cir. 2007) (quoting *Kent v. Johnson*, 821 F.2d 1220, 1222–23 (6th Cir. 1987)).  As a result, despite this general rule, the untimely filing of objections does not always bar an appeal, as the Sixth Circuit has said it may excuse a default if exceptional circumstances are present to justify disregarding the rule in the interests of justice.  *See Thomas*, 474 U.S. at 155; *Alspaugh*, 643 F.3d at 166 (internal quotation omitted).  In addition, "[P]ro se 'pleadings are held to a less stringent standard than those prepared by an attorney.'"  *Alspaugh*, 643 F.3d at 166 (quoting *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001)).

I grant Primus's Rule 60(b)(6) motion because external circumstances prevented Primus from timely filing his objections to Magistrate Judge Baughman's report.  Therefore, I will consider Primus's objections.

Upon de novo review of Magistrate Judge Baughman's report in light of Primus's objections, I again adopt the report.  Primus's objections do not set forth any arguments which would cause me to reject any portion of the report.  Therefore, Primus's habeas corpus petition, filed pursuant to 28

U.S.C. § 2254, is dismissed with prejudice as to grounds two, four, and six, dismissed without prejudice as to grounds three, five, and seven, and denied as to ground one.

So Ordered.

s/ *Jeffrey J. Helmick*
United States District Judge